STATE OF OKLAHOMA
DISTRICT COURT OF LEFLORE COUNTY

| | | |
|---|---|---|
| JANE DOE NO. 1 and | ) | |
| JANE DOE NO. 2 | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. CJ-21-125 |
| v. | ) | |
| | ) | |
| POTEAU PUBLIC SCHOOLS, | ) | JURY TRIAL DEMANDED |
| PUBLIC SCHOOL DISTRICT | ) | |
| OF THE CITY OF POTEAU, | ) | |
| LEFLORE COUNTY, OKLAHOMA; | ) | |
| DON SJOBERG, Superintendent, | ) | |
| in his Official and Individual Capacities; | ) | |
| MARSHALL BRENCE, Principal, | ) | |
| in his Official and Individual Capacities; | ) | |
| JENNIFER LAMB, Assistant Principal, | ) | |
| in her Official and Individual Capacities; | ) | |
| BRENDA DALTON, Title IX Coordinator, | ) | |
| in her Official and Individual Capacities; | ) | |
| ANDREA TRAYWICK, Counselor, | ) | |
| in her Official and Individual Capacities; | ) | |
| KY BUTLER, Teacher, | ) | |
| in her Official and Individual Capacities; and | ) | |
| EDGAR ANDREW PERDUE | ) | |
| OR "ANDY" PERDUE, Teacher, | ) | |
| in his Official and Individual Capacities; | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

FILED
SEP 10 2021
MELBA L. HALL, COURT CLERK
STATE OF OKLA.-LEFLORE COUNTY

## PLAINTIFFS' PETITION

COMES NOW, Plaintiffs, Jane Doe No. 2 and Jane Doe No. 3,[1] by and through their

attorneys of record, Alan M. Taylor and Lloyd Brent Palmer of Palmer Law PLC, allege and state as

follows:

---

[1] "Jane Doe" is a fictitious name. The identities as "No. 1" and "No. 2" are necessary because there are multiple victims as a result of the acts and omissions of the Poteau Public School District.

EXHIBIT
1

## I. JURISDICTION, VENUE, AND PARTIES

1.     At all relevant times pertinent here, Plaintiffs were and are citizens of the State of Oklahoma and residents of Leflore County, Oklahoma.

2.     Defendant, Poteau Public Schools, Public School District of the City of Poteau, Leflore County, Oklahoma, is a public educational institution located in Leflore County, Oklahoma. Poteau Public Schools is an Oklahoma School District organized and existing under the laws of the State of Oklahoma and has its principal office in the Town of Poteau, Leflore County, Oklahoma. Poteau Public Schools receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

3.     At all material times, Defendant Don Sjober ("the Superintendent"), in his Official and Individual Capacities, worked within Leflore County, Oklahoma.

4.     At all material times, Defendant Marshall Brence ("the Principal"), in his Official and Individual Capacities, worked within Leflore County, Oklahoma.

5.     At all material times, Defendant Jennifer Lamb ("the Assistant Principal"), in her Official and Individual Capacities, worked within Leflore County, Oklahoma.

6.     At all material times, Defendant Brenda Dalton ("the Title IX Coordinator"), in her Official and Individual Capacities, worked within Leflore County, Oklahoma.

7.     At all material times, Defendant Andrea Traywick ("the Counselor"), in her Official and Individual Capacities, worked within Leflore County, Oklahoma.

8.     At all material times, Defendant Ky Butler ("the Teacher"), in her Official and Individual Capacities, worked within Leflore County, Oklahoma.

9.     At all material times, Defendant Edgar Andrew Perdue or "Andy Perdue", in his Official and Individual Capacities, worked within Leflore County, Oklahoma. Defendant Andy Perdue is a teacher, coach, and bus driver at Poteau Public Schools.

10.     At all material times, Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, Ky Butler, and Andy Perdue were acting within the course and scope of their employment, except as to those claims which are intentional torts.

11.     Plaintiffs timely gave tort claim notice to Poteau Public Schools, giving rise to their State law tort claims.

12.     The District of Leflore County has subject matter and personal jurisdiction over the Defendants and venue is proper pursuant to 12 O.S. §§ 133, 134, and 143.

13.     Jane Doe No. 1 is a female and was a minor at all relevant times alleged in this Petition, and she was required to attend school per 70 O.S. § 10-105. She attended Pansy Kidd Middle School of Poteau Public Schools.

14.     Jane Doe. No. 2 is the natural mother of Jane Doe No. 1.

15.     Plaintiffs were members of a limited and specifically definable group – namely, female and student.

## II. APPLICABLE LAW AND POLICY

16.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .

17.     Title IX is implemented through the Code of Federal Regulations. *See* 34 C.F.R. Part 106.

18.     34 C.F.R. § 106.8(b) provides:

> . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

19.     In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

20.     The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

21.     The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

21.     The Rehabilitation Act provides that no person "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

22.     The Family Educational Records Privacy Act ("FERPA") prohibits the disbursement of federal funds to an educational institution or agency that has a policy or practice of permitting the release of educational records or personally identifiable information contained in those records of students without the written consent of their parents.

22.     The Health Insurance Portability and Accounting Act ("HIPAA") (42 U.S.C. § 1320) protects and regulates the disclosure personal medical information.

23.     The Oklahoma Supreme Court has held that the government "is subject to liability for [negligence in] routine decisions and daily implementation of the policy or planning level decision." *Nguyen v. State,* 1990 OK 21, ¶ 5, 788 P.2d 962, 964.

24.     "[E]very person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm . . . . 76 O.S. § 6. Assault and battery require proof of harmful contact by the defendant or the apprehension of harmful contact. OUJI Nos. 19.1 and 19.6. *See* 12 O.S. § 577.2 (calling for the use of Oklahoma Uniform Jury Instructions when applicable). "Contact" is the intentional touching of another person. OUJI No. 19.7; see 12 O.S.2001 § 577.2." *Bryson v. Okla. County ex rel. Okla. County Det. Ctr.*, 2011 OK CIV APP 98, ¶ 8, 261 P.3d 627, 631.

25.     Intentional Infliction of Emotional Distress is when a defendant's "actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society; and [defendant] intentionally or recklessly caused severe emotional distress to [Plaintiff] beyond that which a reasonable person could be expected to endure." OUJI No. 20.1.

26.     Invasion of Privacy, Publication of Private Facts is when a defendant makes "a public statement/disclosure/announcement/ declaration; 2. Of private facts; 3. That were highly offensive to a reasonable person; and 4. Were not of legitimate concern to the public." OUJI No. 28.14.

27.     Pursuant to 59 O.S. § 1376:

> No psychologist, colleague, agent or employee of any psychologist, whether professional, clerical, academic or therapeutic, shall disclose any information acquired or revealed in the course of or in connection with the performance of the psychologist's professional services, including the fact, circumstances, findings or records of such services . . .

28.     Pursuant to Oklahoma Administrative Code (OAC) 210:20-29-3:

> [A] teacher must strive to help each student realize his or her potential as a worthy and effective member of society. The teacher must work to stimulate the spirit of inquiry, the acquisition of knowledge and understanding, and the thoughtful formulation of worthy goals.

In fulfillment of the obligation to the student, the teacher . . . . Shall not disclose information about students obtained in the course of professional service, unless disclosure serves a compelling professional purpose and is permitted by law or is required by law.

29.     Pursuant to Oklahoma Administrative Code (OAC) 210:20-29-4:

The teaching profession is vested by the public with a trust and responsibility requiring the highest ideals of professional service.

In fulfillment of the obligation to the profession, the educator . . . Shall not misrepresent his/her professional qualifications . . . Shall not knowingly make a false statement concerning the qualifications of a candidate for a professional position . . . Shall not disclose information about colleagues obtained in the course of professional service unless disclosure serves a compelling professional purpose or is required by law . . . Shall not knowingly make false or malicious statements about a colleague. . . .

30.     Per Poteau Public Schools 2019-2020 Handbook on investigating procedures:

The procedure for investigating reported incidents of harassment, intimidation, and bullying or threatening behavior, is as follows:

1. The matter should immediately be reported to the building principal. If the bullying involved an electronic communication, a printed copy of the communication as well as identifying information such as e-mail address or web address shall be provided to the building principal in written form to allow for a thorough investigation of the matter. . . .

4. If during the course of the investigation it appears that a crime may have been committed, the building principal and/or superintendent shall notify local law enforcement and request that the alleged victim also contact law enforcement to report the matter for potential criminal investigation.

31.     Per Poteau Public Schools 2019-2020 Handbook on Staff Reporting:

An important duty of the staff is to report acts or behavior that the employee witnesses that appears to constitute harassing, intimidating, or bullying. Employees, whether certified or non-certified, shall encourage students who tell them about acts that may constitute intimidation, harassment, or bullying, to complete a Report Form. For young students staff members given that information will need to provide direct assistance to the student. Staff members who witness such events are to complete reports and to submit them to the employee designated by the superintendent to receive them. Staff members who hear of incidents that may, in the staff member's judgment, constitute harassment, intimidation, or bullying, are to report all relevant information to the superintendent or his/her designee.

## II. COMMON ALLEGATIONS

32.     At all material times, Poteau Public Schools was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

33.     Poteau Public Schools implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

34.     Poteau Public Schools is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

35.     Poteau Public Schools is responsible for the acts and omissions of its employees.

36.     Poteau Public Schools failed to provide its students an environment free of a sexual predator, Defendant Andy Perdue.

37.     Plaintiffs are the victims of a sexual predator.

38.     Under Article 2 and 7 of the Oklahoma Constitution, Plaintiffs are entitled to constitutional protections.

39.     At all times relevant hereto, it was clearly established that Plaintiffs had fundamental rights to physical and emotional safety, privacy, and to be free from the infliction of unnecessary pain.

40.     The resulting inadequate policies and customs and failure to supervise and train allowed Defendants to violate Plaintiffs' Fourth Amendment rights and Plaintiffs' Fourteenth Amendment rights to Equal Protection and Due Process, as well as their rights under Article 2 and Article 7 of the Oklahoma Constitution.

41.     An environment where students are feloniously touched, and/ or is subjected to lewd or lascivious statements and/ or sexual harassment from an adult is a dangerous environment.

42.     Defendants Poteau Public Schools created a dangerous environment for its students,

including Plaintiffs.

43.     On or about October 27, 2020, Defendant Andy Perdue committed sexual assault and harassment against Jane Doe No. 1, two wit:

    A.     Defendant Andy Perdue grabbed Jane Doe No. 1 around her waist;

    B.     Prior to this incident, while Jane Doe No. 1 was conducting a cheer routine at Poteau Public Schools, Defendant Andy Perdue video tapes the cheerleaders, to include Jane Doe No. 1, whom Defendant Andy Perdue took multiple videos of on his cellular device and zoomed his camera in on sexual areas of Jane Doe No. 1's body.

    C.     Defendant Andy Perdue showed Jane Doe No. 1 multiple video recordings of her which emphasized sexual areas of her body;

    D.     Defendant Andy Perdue showed Jane Doe No. 1 a video recording that emphasized her breasts and asked her if she was "making sure the girls are still there?" and then giggled about his comment to her.

    E.     Defendant Andy Perdue made highly inappropriate and lewd comments towards Jane Doe No. 1 regarding her body and how her cheer dance "really shoes of her figure."

44.     Jane Doe No. 1 and her fellow eight graders were in Defendant Andy Perdue's care. They were confined to the Pansy Kidd Middle School gymnasium due to weather.

45.     Jane Doe No. 1 reported Defendant Andy Perdue's sexual assault and harassment against her to her cheerleading coach, Defendant Ky Butler.

46.     On Defendant Ky Butler's instruction, Jane Doe No. 1 then reported Defendant Andy Perdue's sexual assault and harassment against her to an assistant principal, Defendant Jennifer Lamb.

47.     After reporting Defendant Andy Perdue's sexual assault and harassment against her to Defendants Ky Butler and Jennifer Lamb, Jane Doe No. 1 was directed to make contact with the school counselor, Defendant Andrea Traywick.

48.     When Jane Doe No. 1 reported the sexual assault to Defendant Andrea Traywick, she told Jane Doe No. 1 words to the effect that Defendant Andy Perdue has girls of his own, so he probably meant it like that.

49.     However, none of the Defendants that were aware of Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 filled out a formal complaint form, reported the sexual assault to Defendant Brenda Dalton, the Department of Human Services, or law enforcement save for Defendant Brenda Dalton who would not report Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 until February 9, 2021 (over three and a half month's later).

50.     Moreover, none of the Defendants that were aware of Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 explained to Jane Doe No. 1 or Jane Doe No. 3 that they would be required to fill out a formal complaint.

51.     After Jane Doe No. 1 reported the incident to Defendant Andrea Traywick, Defendant Andrea Traywick's daughter became aware of the sexual assault and harassment and confronted Jane Doe No. 1 of the same.

52.     Plaintiffs suffered sex-based harassment that was severe, pervasive, and objectively offensive.

53.     The sex-based harassment deprived Plaintiffs of access to the educational opportunities or benefits of the school.

54. Poteau Public Schools officials, including Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, Ky Butler, had the authority to take remedial action to correct the sex-based harassment.

55. Poteau Public Schools and its Defendants had actual knowledge of the sex-based harassment.

56. Poteau Public Schools and its Defendants responded with deliberate indifference to the sex-based harassment.

57. Poteau Public Schools enabled and failed to protect Jane Doe No. 1 from Defendant Andy Perdue's sexual assault and harassment against her.

58. Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 is one incident in Poteau Public Schools' pattern of enabling injury to and failing to protect Jane Doe No. 1.

59. Poteau Public Schools previously enabled and failed to protect Jane Doe No. 1 from severe bullying which resulted in her foot being broken.

60. Poteau Public Schools suspended Jane Doe No. 1 for her attempt to defend herself from violent bullying by a fellow student based on Defendant Andy Perdue's sexual assault and harassment against her.

61. Defendant Andy Perdue admitted his sexual assault and harassment to Poteau Public Schools and offered to apologize to Jane Doe No. 1 in order to keep his employment.

62. Although Poteau Public Schools received formal notice Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 on December 9, 2020, when Jane Doe No. 1 had an interview with Defendant Brenda Dalton on February 4, 2021, she had not even seen a copy of the formal notice.

63.     And although Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 occurred on or about October 27, 2020, Defendant Brenda Dalton did not notify Plaintiffs' of their right to make a formal complaint until February 9, 2021.

64.     While Plaintiffs were told that they were required to fill out a formal complaint form for a Title IX investigation, which Plaintiffs completed at Defendant's request, the formal complaint was ambiguous and required that an employee of Poteau Public Schools filled out, to wit: the form was limited to student on student harassment, giving nowhere to report teacher on student harassment; and the form provided only a place for a staff signature for reporting the form, giving nowhere for a student's or parent's signature.

65.     Poteau Public Schools implicitly admitted Defendant Andy Perdue's sexual assault and harassment against Jane Doe No. 1 by reprimanding him and reassigning him such that she is not in his care.

66.     Poteau Public Schools implicitly admitted it enabled and failed to protect Jane Doe No. 1 from Defendant Andy Perdue's sexual assault and harassment against her by notifying Jane Doe No. 2 of Defendant Andy Perdue's reprimand and reassigning him, and by conducting district-wide corrective re-training.

67.     Notwithstanding Poteau Public Schools' notifying Jane doe No. 2 of the above, Jane Doe No. 2 was never notified that she had to fill out a formal complaint form for a Title IX investigation.

68.     Notwithstanding Poteau Public Schools' reprimanding and reassigning Defendant Andy Perdue, Poteau Public Schools continue to allow Defendant Andy Perdue to us the school's camera equipment to videotape girls sporting events, putting Defendant Andy Perdue in a position to continue to watch and / or save video footage of sexual regions of school aged girls.

69.     On or about February 9, 2021, Poteau Police Department began a criminal investigation.

70.     On or about February 12, 2021, the Le fFore County Child Advocacy Center conducted a forensic interview of Jane Doe No. 1. The Poteau Police Department's incident report of the interview was sent to Defendant Brenda Dalton.

71.     Notwithstanding Defendant Brenda Dalton and Poteau Public Schools' receipt of the Poteau Police Department's incident report, and in complete disregard for Jane Doe No. 1's metal health, well being, and safety, Defendant Brenda Dalton insisted on another interview of Jane Doe No. 1, which would have compounded the initial trauma to Jane Doe No. 1 caused by Defendant Andy Perdue.

72.     As of the date of filing herein, Defendants Brenda Dalton and Poteau Public Schools have not taken any more steps in continuing to investigate the sexual assault and harassment of Defendant Andy Perdue.

73.     Defendant Andy Perdue has a history of sexual assault and harassment while being employed by public schools; Poteau Public Schools had knowledge of the same.

74.     Upon information and belief, Defendant Andy Perdue disclosed his history of sexual assault and harassment to Poteau public Schools when he was hired, and / or Poteau Public Schools failed to ask Defendant Andy Perdue if he had any history of sexual assault and harassment while employed by a public school.

75.     Defendant Andy Perdue's sexual assault and harassment against, and Poteau Public Schools' pattern of enabling injury to and failing to protect, Jane Doe No. 1 inflicted grievous injuries upon her body and mind, including but not limited to sexual trauma, mental anguish, extreme emotional duress, pain and suffering, loss of quality of life and earning capacity, and loss of wages and property damage.

76.     Further, Jane Doe No. 1 had a pre-existing sensitivity and vulnerability to injury of this type. Defendants Andy Perdue and Poteau Public Schools were aware Jane Doe No. 1 received one year of inpatient behavioral healthcare for depressive psychosis, major depressive psychotic episodes, suicide self-harm, and anxiety and had only recently returned to school.

77.     Jane Doe No. 1 became afraid to stay after school.

78.     Jane Doe No. 1 found it difficult to concentrate in the classroom and frequently became tearful and left class.

79.     Jane Doe No. 1 became too afraid to stay after school to get help from teachers, coaches, and counselors as she had previously done.

80.     Jane Doe No. 1 required mental health counseling and increased medication for depression and anxiety to cope with the stress of attending Poteau Public Schools. She even required in patient care as a result of the sexual assault and harassment by Defendant Andy Perdue. Central.

81.     Jane Doe No. 1's grades dropped.

82.     Defendant's conduct was such that future reasonable students in Jane Doe No. 1's circumstances would be chilled from reporting sexual harassment.

83.     As a direct and proximate result of the harassing educational environment created by Defendants' deliberately indifferent response to the sexual assault and harassment, as well as violations of their Fourteenth Amendment rights, Plaintiffs have suffered and continue to suffer psychological damage, emotional distress, loss of standing in her community, and damage to her reputation, and their future relationships have been negatively affected.

84.     Jane Doe No. 1 has required ongoing counseling and elevated levels of medication to address her depression and anxiety caused by Defendants' conduct and the resulting harassing educational environment.

85.     Jane Doe No. 1 has also been deprived of a normal childhood education due to Defendants' conduct and the resulting educational environment.

86.     Jane Doe No. 1 has also been damaged by missed educational opportunities and her future earning capabilities have been damaged by Defendants' conduct and the resulting hostile educational environment.

87.     On or about August 12, 2011, Jane Doe No. 2 filed a complaint with the United States Department of Education, Office for Civil Rights (OCR) alleging that the Defendants failed to promptly and appropriately respond to alleged sexual harassment, resulting in a student, on the basis of sex, being excluded from participation in, being denied the benefits of, or being subjected to discrimination in any District education programs or activities in violation of the Title IX implementing regulation at 34 C.F.R. § 106.31. Jane Doe. No. 2 also complained that the Defendants failed to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of student complaints under Title IX in violation of the Title IX implementing regulation at 34 C.F.R. § 106.8(b).

88.     On or about August 12, 2011, Jane Doe No. 2 filed a complaint with the United States Department of Education, Student Privacy Policy office alleging that Defendant Poteau Public Schools had and/or had unconstitutional customs or policies, and failed to train or supervise its employees, which directly led to Defendant Andrea Traywick disclosure of Plaintiffs' private medical records.

## COUNT I
## VIOLATION OF TITLE IX
## AS TO DEFENDANT POTEAU PUBLIC SCHOOLS
### (20 U.S.C. § 1681, et seq.)
### (The Schools' Deliberate Indifference to Alleged Sexual Harassment)

Paragraphs one through 88 are incorporated by reference as if stated in full herein.

89.     The sex-based harassment articulated in the Plaintiffs' General Allegations was so severe, pervasive, and objectively offensive that it deprived Jane Doe No. 1 of access to educational opportunities or benefits provided by the school.

90.     Defendant Poteau Public Schools created and/or subjected Jane Doe No. 1 to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because Jane Doe No. 1:

       A.     was a member of a protected class;

       B.     was subjected to sexual harassment in the form of a sexual assault by teacher;

       C.     was subjected to harassment based on her sex; and

       D.     was subjected to a hostile educational environment created by Defendants' lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

91.     Defendants had actual knowledge of the sexual assault and the resulting harassment of Jane Doe No. 1 created by its failure to investigate and discipline Jane Doe No. 1'sattacker in a timely manner and consistent with its own policy and federal and state law.

92.     Defendant Poteau Public Schools' failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Jane Doe No. 1, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

93.     Defendant Poteau Public Schools failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

94.     Defendant Poteau Public Schools persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Jane Doe No. 1.

95.     Defendant Poteau Public Schools engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

96.     This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

97.     Defendants violated 10A O.S. § 1-2-101(B) by failing to immediately report allegations of sexual misconduct to both law enforcement and the Department of Human Services, resulting in severe emotional trauma, distress, pain and suffering to Plaintiffs.

98.     Plaintiffs has suffered emotional distress and psychological damage, and their character and standing in their community have suffered from the harassment fostered as a direct and proximate result of Defendant Poteau Public Schools' deliberate indifference to her rights under Title IX.

## COUNT II
## VIOLATION OF TITLE IX
## AS TO DEFENDANT POTEAU PUBLIC SCHOOLS
### (20 U.S.C. § 1681, et seq.)
### (Retaliation by Withholding Protections Otherwise Conferred by Title IX)

Paragraphs one through 98 are incorporated by reference as if stated in full herein.

99.     Immediately after Jane Doe No. 1 advised Defendants Ky Butler of the sexual violent attack and harassment, she was forced to tell the story of the violence of Defendant Andy Perdue to two more persons, Defendants Jennifer Lamb and Andrea Traywick. Thereafter, Jane Doe No. 2 was notified of the attack.

100.    Notwithstanding, not a single Defendant reported the sexual assault and harassment to law enforcement or completed a Title IX complaint form, as required by law and Poteau Public Schools' own policies and procedures.

102.    Because of Defendants complete disregard for the mental health, well being, and safety of Jane Doe No. 1, Plaintiffs were discouraged from making any additional reports, as it appeared that Defendant Andy Perdue would not be held responsible for his actions and that Poteau Public Schools would wholly disregard Jane Doe No. 1's story as being true.

103.    Being told that Defendant Andy Perdue was reprimanded, Plaintiffs believed that Defendants would comply with their own policy and procedures, along with state law, and have the sexual assault and harassment by Defendant Andy Perdue reported and investigated.

104.    Once Plaintiffs insisted upon involving law enforcement for a criminal investigation, however, the Defendants retaliated against Plaintiffs by failing to comply with their responsibilities and complete a fair and thorough investigation in a prompt manner as mandated by Title IX.

105.    A fellow student harassed Jane Doe No. 1 for reporting her attack to the school and police.

**COUNT III**
**1983 VIOLATION AS TO**
**DEFENDANTS POTEAU PUBLIC SCHOOLS, SJOBER,**
**BRENCE, LAMB, DALTON, TRAYWICK, BUTLER**
**(42 U.S.C. § 1983)**

Paragraphs one through 105 are hereby incorporated by reference as if set forth in full herein.

106.    Under the Fourteenth Amendment, Jane Doe No. 1 had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

107.    Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler were all state actors acting under the color of state law.

108.     Defendants each subjected Jane Doe No. 1 to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate Defendant Andy Perdue's misconduct; failing to appropriately discipline Defendant Andy Perdue; failing to adequately train and supervise Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, Ky Butler, and Andy Perdue; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Jane Doe No. 1.

109.     Defendant Poteau Public Schools has and/or had unconstitutional customs or policies, to wit:

    A.     Failing to investigate evidence of criminal and tortious misconduct against its students in the nature of violations of their right to personal security and bodily integrity;

    B.     Failing to enact and implement adequate policies concerning sexual harassment, misconduct and abuse;

    C.     Failing to report criminal misconduct and failing to report sexual misconduct and harassment to required governmental agencies like the Department of Human Services and law enforcement;

    D.     Failing to timely remove Defendant Andy Perdue;

    E.     Failing to prevent female students from being alone with Defendant Andy Perdue;

    F.     Failing to investigate Defendant Andy Perdue properly, before and after his sexual assault and harassment upon Jane Doe No. 1;

    G.     Discounting the credibility of allegations;

    H.     Failing to hire, train, supervise, and retain Defendant Andy Perdue properly;

    I.     Exhibiting deliberate indifference to the sexual misconduct and harassment directed at Plaintiffs; and

J.      Failing to adequately train and supervise its employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

110.    On information and belief, Defendant Poteau Public Schools has followed these unconstitutional customs and policies not only with regard to Plaintiffs but also with regard to criminal and tortious misconduct committed against other students.

111.    Defendant Poteau Public Schools' policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

112.    Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler are or were at the time of events complained of within, policymakers for the purpose of implementing the Defendant Poteau Public Schools' unconstitutional policies or customs.

113.    Plaintiffs have suffered emotional distress and psychological damage, and their character and standing in their community have suffered from the harassment fostered as a direct and proximate result of Defendants' deliberate indifference to their rights under the Fourteenth Amendment.

## COUNT IV
## *MONELL* LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE
## AS TO RESPONSE TO SEXUAL ASSAULT
## AS TO DEFENDANT POTEAU PUBLIC SCHOOLS
### (42 U.S.C. § 1983)

Paragraphs one through 113 are hereby incorporated by reference as if set forth in full herein.

114.    Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler were "state actors" working for Defendant Poteau Public Schools, a federally funded school system.

115.   Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler acted under "color of law" when refusing to respond to Jane Doe No. 1's sexual assault and harassment on school premises.

116.   Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler failed to preserve Jane Doe No. 1's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

117.   Under the Equal Protection Clause of the Fourteenth Amendment, Jane Doe No. 1 had the right to equal access to an educational environment free from harassment and discrimination.

118.   Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

119.   Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler each violated Jane Doe No. 1's right to equal access, to wit:

      A.   Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

      B.   Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

      C.   Failing to take steps to protect the Jane Doe No. 1 as necessary, including interim steps taken prior to the final outcome of the investigation;

      D.   Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence. The procedures must include an

equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

   E. Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

   F. Failing to notify both parties of the outcome of the complaint.

  120. Defendant Poteau Public Schools violated Plaintiffs Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

  121. These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

  122. Defendants' actions and lack of actions were the proximate cause of Plaintiffs' emotional distress and psychological damage, and their character and standing in their community, and have suffered from the harassment fostered as a result of Defendants' deliberate indifference to her right to equal protection under the Fourteenth Amendment.

**COUNT V**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**AS TO DEFENDANTS POTEAU PUBLIC SCHOOLS, SJOBER,**
**BRENCE, LAMB, DALTON, TRAYWICK**
**(42 U.S.C. 12101, et seq.)**

  7. Jane Doe No. 1 suffers from a learning disability that substantially limits one or more major life activities for her. Plaintiff's disability makes it difficult for her to complete some coursework required by Defendants school without reasonable accommodations.

  8. Because of this disability and/or mental condition—which Defendants were aware—Jane Doe No. 1 requires reasonable accommodations for some learning, reading, concentrating, thinking, communicating, and working activities. Her disability affects the operation of major bodily functions, including, but not limited to neurological and brain functions.

10.      Because of this disability and/or mental condition—which Defendants were aware—Defendants were required to make reasonable accommodations to ensure Jane Doe No. 1's pre-existing sensitivity and vulnerability to sexual assault and harassment; to wit, ensuring that its employees with a history of sexual harassment were not left alone to further harm Jane Doe No. 1.

11.      Defendants were aware that Jane Doe No. 1 had a pre-existing sensitivity and vulnerability to injury of this type. Defendants Andy Perdue and Poteau Public Schools were aware Jane Doe No. 1 received one year of inpatient behavioral healthcare for depressive psychosis, major depressive psychotic episodes, suicide self-harm, and anxiety.

12.      Indeed, Jane Doe No. 1 had just recently returned to school.

26.      Upon information and belief, Defendants have carried out policies and customs, and have caused Poteau Public Schools to be managed in such a manner that led to the discrimination of Jane Doe No. 1, a female with a mental disability.

28.      Defendants' failure to remove discriminatory policies, practices and procedures from Poteau Public Schools is further evidence of Defendants' conscious disregard for the rights of Plaintiff and other similarly situated students with disabilities. Said conduct constitutes despicable conduct in conscious disregard of the rights and safety of Plaintiff and of other similarly situated persons.

29.      Defendants failed to implement and enforce appropriate policies, practices, and training to prevent and remedy unlawful discrimination, causing harm to Jane Doe No. 1. Defendants failed to exercise reasonable care to prevent and promptly correct the discrimination, failure to engage in interactive process, failure to reasonably accommodate, and other discriminatory acts suffered by Jane Doe No. 1 at the hands of Defendant Andy Perdue, as well as their agents and/or employees. As a result, Jane Doe No. 1 was subjected to discrimination in the conditions, benefits, and in other terms and conditions of Plaintiff's education.

30.     Defendants failed to follow their own policies applicable to students with disabilities, which require Poteau Public Schools staff to report incidents of discrimination. (See "Exhibit 1").

31.     Defendants failed to engage in a meaningful interactive process with Jane Doe No. 1 to determine what accommodations where reasonable and appropriate; the attached handbook gives no direction to students on how to request an accommodation, or what Poteau Public Schools are required to do after learning of a student who has a disability.

32.     The effect of the practices delineated and complained of above has been to deprive Jane Doe No. 1 of equal educational opportunities and otherwise adversely affected and continues to affect, Jane Doe No. 1's status as a student, because of her disability and/or medical condition.

35.     Jane Doe No. 1 is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12131 who, with or without reasonable accommodation or modifications of rules, policies, or practices at Poteau Public Schools, is required by law to attend school.

36.     Defendant Poteau Public Schools is a "public entity" within the meaning of 42 U.S.C. § 12131(B).

37.     Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, are individuals who, while acting in their respective employments with Defendant Poteau Public Schools, were to follow the ADA as amended.

39.     Defendants have violated their obligations under the ADA through their actions and failure to act for the reasons set forth herein.

40.     Defendants discriminated against Jane Doe No. 1 because of her disability by failing to:

    A.     Prevent unlawful discrimination;

    B.     Engage in a meaningful interactive process with Plaintiffs to   determine what reasonable accommodations of modifications were appropriate;

C.   Provide a reasonable accommodation/s or modification/s for her disability and/or medical condition;

D.   Promptly treat, prevent, and remedy unlawful discrimination;

E.   Adversely affecting her current and future career opportunities, because of Defendants' failure to accommodate Jane Doe No. 1's disability and/or medical condition. 42 U.S.C. § 12112(b)(1).

41.   Defendants discriminated against Jane Doe No. 1 because of her disability, and continue to discriminate against Plaintiff as described herein, even-though Defendants were aware that Jane Doe No. 1 had a pre-existing sensitivity and vulnerability to injury and just had returned from one year of inpatient behavioral healthcare for depressive psychosis, major depressive psychotic episodes, suicide self-harm, and anxiety.

43.   Defendants' acts of unlawful discrimination have caused Plaintiffs severe emotional distress and economic harm, causing her to incur significant costs and expenses.

44.   Defendants' conduct is a violation of the ADA as amended and on account thereof, Plaintiffs are entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs for which Defendants are liable to Plaintiffs. 42 U.S.C § 12133.

## COUNT VI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF THE REHABILITATION ACT SECTION 504
## AS TO DEFENDANTS POTEAU PUBLIC SCHOOLS, SJOBER, BRENCE, LAMB, DALTON, TRAYWICK
## (29 U.S.C. 794, et seq.)

Paragraphs one through 88 are incorporated by reference as if stated in full herein.

47.   Jane Doe No. 1 is a "qualified individual with a disability" within the meaning of 29 U.S.C. 705(20) and section 794(a), who, with or without reasonable accommodation or modifications of rules, policies, or practices at Defendant Poteau Public Schools, is required by law to attend school.

48.     Defendant Poteau Public Schools operates "program[s] or activit[ies]" within the meaning of 29 U.S.C. 794(b)(2)(A) which received federal financial assistance.

49.     Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, are individuals who, while acting in their respective employments with Defendant Poteau Public Schools, were required to follow the Rehabilitation Act in their decisions to exclude or not exclude, deny benefits of or subject to discrimination students with disabilities from Defendant Poteau Public Schools.

50.     Defendants have violated their obligations under the Rehabilitation Act through their actions and failure to act for the reasons set forth herein.

51.     Defendants discriminated against Jane Doe No. 1 because of her disability by failing to prevent unlawful discrimination, by failing to engage in a meaningful interactive process with Plaintiffs to determine what reasonable accommodations of modifications were appropriate, by failing to grant her reasonable accommodations or modifications for her disability, by failing to promptly remedy unlawful discrimination, and by adversely affecting her career opportunities, because of her disability. 29 U.S.C. § 794(a).

52.     Defendants discriminated against Jane Doe No. 1 because of her disability, and continue to discriminate against Plaintiff as described herein, even-though Defendants were aware that Jane Doe No. 1 had a pre-existing sensitivity and vulnerability to injury and just had returned from one year of inpatient behavioral healthcare for depressive psychosis, major depressive psychotic episodes, suicide self-harm, and anxiety.

54.     Defendants' conduct is a violation of the Rehabilitation Act, and on account thereof, Plaintiffs are entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs for which Defendants are liable to Plaintiff. 29 U.S.C 794a.

## COUNT VII
## VIOLATION OF FERPA AND HIPPA

## AS TO DEFENDANTS POTEAU PUBLIC SCHOOLS AND TRAYWICK
### (42 U.S.C. § 1983)

Paragraphs one through 122 are hereby incorporated by reference as if set forth in full herein.

123.    Plaintiffs had a constitutional right to privacy under the Due Process Clause of the Fourteenth Amendment.

124.    HIPAA and FERPA have set standards of care related to the disclosure of confidential student files and identifiable information in those files that Defendants knowingly and willfully released to the public.

125.    Defendant Poteau Public Schools has and/or had unconstitutional customs or policies, and failed to train or supervise its employees, to wit:

    A.    Failing to investigate disclosure of private medical records protected by HIPAA and FERPA;

    B.    Failing to enact and implement adequate policies concerning the disclosure of private medical records protected by HIPAA and FERPA;

    C.    Failing to train or supervise it employees concerning the disclosure of private medical records protected by HIPAA and FERPA;

    D.    Failing to train or supervise or appropriately reprimand Defendant Andrea Traywick for her disclosure of Jane Doe No. 1's medical records;

    E.    Exhibiting deliberate indifference to the protection of Jane Doe No. 1's protected medical records, to wit: sexual misconduct and harassment directed at Plaintiffs; and

    F.    Failing to adequately train and supervise its employees with regard to maintaining, preserving and protecting students' medical records protected by HIPAA and FERPA from being published without consent.

126.    Defendant Poteau Public Schools received multiple communications from Plaintiffs' counsel expressing the confidentiality of the sexual assault and harassment by Defendant Andy Perdue.

127.    Nevertheless, Defendant Poteau Public Schools took absolutely no action prior to or after the sexual violence herein to ensure the confidentiality and safety of Jane Doe No. 1's medical records.

128.    Defendant Andrea Traywick was a "state actors" working for Defendant Poteau Public Schools, a federally funded school system, when she counseled Jane Doe No. 1 regarding the sexual assault and harassment of Defendant Andy Perdue.

129.    On or about February 3, 2021, Defendant Andrea Traywick's daughter became aware of the sexual assault and harassment and confronted Jane Doe No. 1 about the incident.

130.    This disclosure of Jane Doe No. 1's private medical information came almost two whole months after Defendant Poteau Public Schools was notified of Defendant Andy Perdue's sexual violence and of the extreme confidentiality of the incident.

131.    Defendant Andrea Traywick's disclosure of Jane Doe No. 1's medical records—to her daughter, a friend of Jane Doe No. 1—is reckless, malicious, and a complete disregard of Jane Doe No. 2's right to privacy; Being a counselor, her disclosure of Jane Doe No. 1's medical records to her minor daughter would shock the conscience of any reasonable person.

132.    As a result of Defendants' collective and individual acts and omissions, Jane Doe No. 1 has suffered and will continue to suffer extreme emotional distress, mental anguish, embarrassment, and humiliation, all of which have had and are expected to continue to have adverse effects on her psychological health and condition.

133.    By disclosing and/or allowing the disclosure of Jane Doe No. 1's medical records to another students, without authorization or consent, defendants invaded the privacy of Jane Doe No. 1.

134.    In engaging in the foregoing acts, or in allowing such acts to occur, Defendants acted willfully and with a knowing and/or reckless disregard of the law and the policies of Defendant Poteau Public Schools, and for the severe consequences that such acts would have for students such as Jane Doe No. 1 who had entrusted her personal and confidential information to Defendants.

## COUNT VIII
## INVASION OF PRIVACY, PUBLICATION OF PRIVATE FACTS
## AS TO DEFENDANT TRAYWICK

Paragraphs one through 134 are hereby incorporated by reference as if set forth in full herein.

135.    On or about February 3, 2021, Defendant Andrea Traywick made public Jane Doe No. 2's statement to her regarding the sexual assault and harassment of Defendant Andy Perdue.

136.    Jane Doe No. 1's statements were made in confidence to Defendant Andrea Traywick and were private facts.

137.    Any reasonable teenage girl would find it highly offensive for her school counselor to disclose facts regarding a sexual assault and harassment to another student to which she goes to school with any could be confronted at anytime after such disclosure.

138.    The disclosure of Jane Doe No. 1's private facts was not of legitimate concern to the public, as evidenced by Plaintiffs' constant reiteration to Defendants that this incident was to be regarded as highly confidential to protect the mental health and wellbeing of Plaintiffs.

139.    Defendant Andrea Traywick's disclosure was a direct violation of OAC 210:20-29-3.

## COUNTY IX
## NEGLIGENCE AS TO DEFENDANTS POTEAU PUBLIC SCHOOLS,
## SJOBER, BRENCE, LAMB, DALTON, TRAYWICK, BUTLER

Paragraphs one through 139 are hereby incorporated by reference as if set forth in full herein.

140.    Defendant Poteau Public Schools had a duty to properly train and supervise its employees.

141.    Defendant Poteau Public Schools had a duty not to hire sexual predators to ensure the health and safety of its students.

142.    Defendants Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler were working for Defendant Poteau Public Schools and had a duty to implement and make routine decisions of the policy and procedures of Defendant Poteau Public Schools.

143.    Defendants had a duty to reserve parental rights of Plaintiffs. *See* 25 O.S. § 2001 *et seq.*

144.    Defendants breached these duties by their failure to make routine decisions and to implement training and supervision that would ensure students health and safety from sexual assault and harassment.

145.    Upon information and belief, Defendant Poteau public Schools and / or its supervisors have made routine decisions to hire persons with a history of sexual violence and / or have made routine decisions to hire persons without inquiring into their history of sexual violence.

146.    By hiring Defendant Andy Perdue, who disclosed his history of sexual assault and harassment to Poteau public Schools when he was hired, and / or Poteau Public Schools failed to ask Defendant Andy Perdue if he had any history of sexual assault and harassment while employed by a public school, Defendant Poteau Public Schools breached the above refenced duties.

147.    Plaintiffs have suffered emotional distress and psychological damage, and their character and standing in their community have suffered from the harassment fostered as a direct

and proximate result of Defendants' negligence in its routine decisions and daily implementation of

Defendant Poteau Public Schools' policies and procedures.

**COUNT X**
**ASSAULT AND BATTERY AS TO DEFENDANT ANDY PERDUE**

Paragraphs one through 147 are hereby incorporated by reference as if set forth in full

herein.

148.    Defendant Andy Perdue, by showing Jane Doe No. 1 videos of herself while

cheerleading that emphasized sexual areas of her body and making inappropriate and lewd

comments towards Jane Doe No. 1, Defendant Andy Perdue intended to put Jane Doe No. 1 in

apprehension of his making contact with her. As a result, Jane Doe No. 1 was placed in

apprehension of an immediate offensive contact and was frightened that Defendant Andy Perdue

would in fact make sexual contact with her.

149.    Defendant Andy Perdue, by placing his arm around Jane Doe No. 1's waist and

pulling her close, made offensive contact with the person of Jane Doe No. 1.

**COUNT XI**
**IIED AS TO DEFENDANTS PERDUE AND TRAYWICK**

Paragraphs one through 149 are hereby incorporated by reference as if set forth in full

herein.

150.    While confined to the school's gymnasium, Jane Doe No. 1 was sexually assaulted

and harassed by Defendant Andy Perdue.

151.    The sexual assault and harassment that Defendant Andy Perdue inflicted upon

Plaintiffs was done maliciously and was so extreme and outrageous, well beyond the bounds of

decency.

152.    As a direct result of Defendant Andy Perdue's actions, Plaintiffs were severely

traumatized, beyond which a reasonable female student could be expected to endure.

153.    While confiding in the Defendant Poteau Public Schools' counselor, Defendant Andrea Traywick, she disclosed information about Defendant Andy Perdue to Jane Doe No. 1 that he has girls of his own, so he probably meant it like that.

154.    The statement made by Defendant Andrea Traywick were in direct violation of OAC 210:20-29-3 & 210:20-29-4 and was done maliciously and was so extreme and outrageous, well beyond the bounds of decency.

155.    As a direct result of Defendant Andrea Traywick's actions, Plaintiffs were severely traumatized, beyond which a reasonable female student could be expected to endure.

## COUNT XII
## PUNITVE DAMES AS TO ALL DEFENDANTS

Paragraphs one through 155 are hereby incorporated by reference as if set forth in full herein.

156.    Pursuant to *Smith v. Wade*, 461 U.S. 30, 34 (1983), Plaintiff is entitled to punitive damages when Defendants' "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

157.    Pursuant to 23 O.S. § 9.1, Plaintiffs are also entitled, if warranted by the Court, to an additional sum of punitive damages designed to punish Defendants, serve as warning to others, and deter similar conduct, based upon the severity of the conduct and the wealth of Defendant.

158.    Defendants' actions were reckless, intentional or malicious.

159.    Defendants created the danger or increased the Plaintiffs' vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Defendant Andy Perdue from Poteau Public Schools after receiving initial notice of his sexual assault and harassment against Jane Doe No. 1. The risk of danger was obvious or known to Defendants Poteau Public Schools.

160.    Defendants' actions and inactions created an opportunity for Defendant Andy Perdue to engage in sexual misconduct and harassment, and Defendants acted recklessly in conscious disregard of that risk.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against Defendants as follows:

A. Compensatory damages for Plaintiffs' psychological and emotional distress and damages, loss of standing in their community, damage to their reputation, and their family's unreimbursed out of pocket expenses incurred in response to these circumstances;

B. Punitive damages;

C. Injunctive relief requiring Defendants Poteau Public Schools to take effective steps to prevent sex-based discrimination, assault, and harassment, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it;

D. Statutory interest;

E. Costs; and

F. Reasonable attorney fees.

Respectfully submitted,

Alan M. Taylor, OBA #34351
PALMER LAW
1609 Arlington
Ada, OK 74820
(405) 885-0890
palmer@callpalmer.com
taylor@callpalmer.com

ATTORNEYS FOR PLAINTIFFS

## VERIFICATION UNDER RULE 4(c)

STATE OF OKLAHOMA    )
                     )    ss.
COUNTY OF PONTOTOC   )

     Pursuant to Rule 4(c) of the Rules for District Courts of Oklahoma, Alan M. Taylor of Palmer Law PLC, attorney of record for PLAINTIFFS, being first duly sworn upon oath, states the <u>facts stated to counsel by</u> PLAINTIFFS, and other proof will show the fact issues raised herein, and will suffice until a hearing or stipulation can be provided.

Alan M. Taylor, OBA #34351
ATTORNEY FOR PLAINTIFFS

Subscribed and sworn to before me this ____ day of _____, 2021.

LLOYD BRENT PALMER
Notary Public in and for the
State of Oklahoma
Commission #14001979
My Commission expires 8/04/2022

Notary Public

My commission expires: