# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

1. JANE DOE NO. 1 and
2. JANE DOE NO. 2,
    *Plaintiffs*,

v.

1. POTEAU PUBLIC SCHOOLS,
2. DON SJOBERG, Superintendent, in his official and individual capacities,
3. MARSHALL BRENCE, Principal, in his official and individual capacities,
4. JENNIFER LAMB, Assistant Principal, in her official and individual capacities,
5. BRENDA DALTON, Title IX Coordinator, in her official and individual capacities,
6. ANDREA TRAYWICK, Counselor, in her official and individual capacities,
7. KY BUTLER, Teacher, in her official and individual capacities,
8. EDGAR ANDREW PERDUE, a/k/a ANDY PERDUE, Teacher, in his official and individual capacities,
    *Defendants*.

Case No. CIV-21-338-RAW

# ORDER

This action arises from the alleged sexual harassment and assault on or about October 27, 2020 of Jane Doe No. 1, an eighth-grade girl with a learning disability, by Andy Perdue, a teacher/coach/bus driver at Poteau Public Schools (the "School District"), after he videotaped her cheerleading routine. On that day, Jane Doe No. 1 and her fellow eighth graders were in Andy Perdue's care in the middle school gymnasium. Jane Doe No. 2 is Jane Doe No. 1's mother. Plaintiffs filed their 33-page Petition in the District Court of LeFlore County, Oklahoma on September 10, 2021, alleging federal claims pursuant to Title IX of the Education Amendments

of 1972, 20 U.S.C. § 1681, *et seq.*, 42 U.S.C. § 1983 for violation of her constitutional rights under the Equal Protection Clause of the Fourteenth Amendment, the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794, *et seq.*, the Family Educational Records Privacy Act, and the Health Insurance Portability and Accounting Act, as well as state law claims for invasion of privacy / publication of private facts in violation of 59 OKLA. STAT. § 1376 and Oklahoma Administrative Code 210:20-29-3, negligence, assault and battery, and intentional infliction of emotional distress. Plaintiffs also request punitive damages.

Plaintiffs allege, *inter alia*, that Andy Perdue grabbed Jane Doe No. 1 around her waist; that while taking videos of her cheer routine, he zoomed in on sexual areas of her body; that he showed her multiple video recordings emphasizing sexual areas of her body; that he showed her a video emphasizing her breasts and asked her if she was "making sure the girls are still there;" and that he made other highly inappropriate and lewd comments to her regarding her body and how her cheer dance "really shows off her figure."

Plaintiffs allege that when Jane Doe No. 1 reported the harassment and assault to her cheerleading coach Ky Butler, she was instructed to report it to the Assistant Principal Jennifer Lamb, and then to the School Counselor Andrea Traywick, forcing her to tell her story repeatedly. Jane Doe No. 1's report was leaked to the daughter of Andrea Traywick who was also a fellow student. This fellow student then bullied Jane Doe No. 1 because of the report, after which Jane Doe No. 1 was suspended for attempting to defend herself from the violent bullying. Plaintiffs allege that this is not the first time the School District has enabled and failed to protect Jane Doe No. 1 from severe bullying.

Jane Doe No. 1's allegations were not reported to the Department of Human Services until the Title IX Coordinator Brenda Dalton finally did so on February 9, 2021, more than three and half months after Jane Doe No. 1 reported them. Plaintiffs allege that each of the Individual Defendants – Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler – had actual knowledge of the sexual harassment and had the authority to take remedial action to correct the sexual harassment, but was deliberately indifferent and failed to do so. Ultimately, the School District reprimanded and reassigned Andy Perdue, but continued to allow him to use the school's camera equipment to videotape girls sporting events. Plaintiffs allege that Andy Perdue has a history of sexual assault and harassment while being employed by public schools and that the School District either possessed or should have possessed knowledge thereof at the time it hired him.

Defendants filed their notice of removal on November 12, 2021. Now before the court are the motions to dismiss by the School District [Docket No. 15, as amended in Docket No. 17] and by the Individual Defendants [Docket No. 16]. For purposes of the motions to dismiss, the court accepts as true all well-pleaded facts in the Petition and construes those facts in the light most favorable to Plaintiffs. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs must nudge their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the

court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

Ultimately, the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d at 1247).  "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

I. **The School District's Motion**

The School District argues that Plaintiffs have failed to state claims upon which relief may be granted pursuant to Title IX, § 1983, the ADA, and Section 504.  The School District argues as to each claim that Plaintiff's allegations are conclusory.  It further argues that there is no evidence that any Individual Defendant violated Plaintiffs' rights under the Equal Protection Clause and no evidence to demonstrate that Jane Doe No. 1 was discriminated against because of her disability.  The lack of evidence arguments, of course, are not proper at this stage.  Moreover, the court finds that the Petition gives the Defendants fair notice of what the claims are and the

grounds upon which they rest.  The motion is denied as to these grounds.  Defendants may reassert their arguments at the summary judgment stage.

The School District argues that the claims related to FERPA and HIPAA must be dismissed because those statutes do not create a private right of action.  Plaintiffs do not respond to this argument.  The School District is correct – FERPA and HIPAA do not confer private rights of action for alleged violations of the nondisclosure provisions.  *Gonzaga Univ v. Doe*, 537 U.S. 273, 290 (2002); *Freier v. Colorado,* 804 Fed.Appx. 890, 891-92 (10th Cir. 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010)).  The motion is granted, therefore, as to these claims.

The School District argues that the claims pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA") are untimely, as they were filed three days after Plaintiffs were required to file suit.  As acknowledged by the parties, notice of a claim must be filed "within one (1) year of date the loss occurs" and must be "*in writing and filed with the office of the clerk of the governing body*."  51 OKLA. STAT. § 156(B) and (D) (emphasis added).  If a claim is not approved or denied, it is deemed denied after 90 days.  51 OKLA. STAT. § 157(A).  The action must be filed within 180 days after denial of the claim.  51 OKLA. STAT. § 157(B).

The School District points to an email sent on December 11, 2020 as the tort claim notice, while Plaintiffs point to the date of receipt of the written notice via certified U.S. mail on December 14, 2020.  Neither party points to any caselaw indicating whether an email notice to counsel qualifies as written notice "filed with the office of the clerk of the governing body" under section 156.  The motion will be denied at this time, but the argument may be re-urged at the summary judgment stage.

The School District next urges the court to dismiss the negligence claims pursuant to the discretionary function exemption of the GTCA.  Section 155(5) of the GTCA exempts the state or political subdivision from liability for the "[p]erformance of or failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." 51 OKLA. STAT. § 155(5).  The School District argues that state and federal courts have repeatedly held that the hiring, training, and supervision of school employees by a school district are discretionary functions and that claims based on negligence in carrying out those functions are barred by § 155(5).  Plaintiffs then cite cases demonstrating that it is not "settled" that a school district's hiring, training, and supervision decisions are discretionary.  Defendants seem to acknowledge that the law is not settled, but urge the court to take its position.  The Oklahoma Supreme Court has held: "the government retains its immunity with respect to formulation of policy, but is subject to liability for routine decisions and daily implementation of the policy or planning level decision." *Smith v. City of Stillwater*, 328 P.3d 1192 (Okla. 2014).  Turning a blind eye to sexual harassment, as Plaintiffs have alleged, would seem to fall under the latter.  In any event, the question is better resolved at the summary judgment stage.  The motion is denied.

Finally, the School District cites authority supporting its argument that Plaintiffs are not entitled to recover punitive damages on their federal claims pursuant to Title IX, § 1983, the ADA, or Section 504, or their state law claims pursuant to the GTCA.[1]  Plaintiffs do not respond.  For the reasons stated in the motion, it is granted.  Plaintiffs' punitive damages claims are dismissed.

---

[1] The only other federal claims were pursuant to FERPA and HIPAA and were dismissed above, as FERPA and HIPAA do not confer private rights of action.

## II.     The Individual Defendants' Motion

Now before the court is the motion to dismiss filed by Superintendent Don Sjoberg, Principal Marshall Brence, Assistant Principal Jennifer Lamb, Title IX Counselor Brenda Dalton, Counselor Andrea Traywick, and Teacher Ky Butler – each in both their official and individual capacities.[2]  These Defendants first argue that the claims against them in their official capacities should be dismissed as duplicative and redundant.  Plaintiffs concede the official capacity claims, arguing only that the individual capacity claims should remain.  Accordingly, the motion is granted as to the official capacity claims.

These Defendants also each assert the defense of qualified immunity as to the § 1983 claims for violation of the Equal Protection Clause.  Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Turner v. Oklahoma Oklahoma Cnty. Bd. Of Cnty. Comm'rs.*, 804 Fed.Appx. 921, 925 (10th Cir. 2020) (citation omitted).   "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Myers v. Brewer*, 773 Fed.Appx. 1032, 1036 (10th Cir. 2019) (citing *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).

At the motion to dismiss stage, however, defendants are subject "to a more challenging standard of review than would apply" at the summary judgment stage. *Id*.  "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Id.* (citation omitted and emphasis in original).  Accordingly, when a defendant raises a qualified immunity defense in a motion to dismiss, the court employs a two-part test to determine: "(1) whether the facts that a plaintiff has alleged make out a violation

---

[2] The only individual Defendant not included in the motion is Andy Purdue.

of a constitutional right, and (2) whether the right at issue was clearly established." *Id*. (citation omitted). The court may "decide which of these two prongs to address first, and need not address both." *Turner,* 804 Fed.Appx. at 925 (citation omitted).

"A plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation." *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018) (citation omitted). A law is not clearly established unless existing precedent has "placed the statutory or constitutional question beyond debate." *Id.* (citation omitted). This is an objective test. *Brown*, 662 F.3d at 1164. The court must not "define clearly established law at a high level of generality." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citing *Ashcroft*, 563 U.S. at 742); *Knopf*, 884 F.3d at 944 (citing *Ashcroft*, 563 U.S. at 742). Of course, a prior case need not have *identical* facts. *Perry v. Durborow*, 892 F.3d 1116, 1126 (10th Cir. 2018); *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017). Still, the "clearly established law must be 'particularized' to the facts of the case." *Knopf*, 884 F.3d at 944 (citation omitted).

As the Individual Defendants acknowledge, citing Tenth Circuit precedent, it has long been clearly established that "a governmental official or supervisory employee may be held liable under section 1983 upon a showing of deliberate indifference to known sexual harassment." *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999) (citations omitted). The Individual Defendants also acknowledge that "Plaintiffs' allegations are in line with Tenth Circuit precedent discussing what is necessary to establish violations of the Equal Protection Clause in cases involving sexual harassment." Docket No. 16, at 13. In the following paragraph, however, the Individual Defendants argue that Plaintiffs' allegations are not sufficient to demonstrate the required "deliberate indifference." At this stage, Plaintiffs are not required to

demonstrate "deliberate indifference." They must have only alleged such. The court finds that Plaintiffs have sufficiently alleged, *inter alia*, that each of the Individual Defendants – Don Sjober, Marshall Brence, Jennifer Lamb, Brenda Dalton, Andrea Traywick, and Ky Butler – had actual knowledge of the sexual harassment and had the authority to take remedial action to correct the sexual harassment, but was deliberately indifferent, "turned a blind eye," and failed to do so. The motion is denied. It may be reasserted at the summary judgment stage.

The Individual Defendants argue that the ADA claims and the Section 504 claims should be dismissed. They also argue that the claims for violation of FERPA and HIPAA against Traywick should be dismissed. Plaintiffs do not respond, thereby conceding these claims. Accordingly, the motion is granted as to these claims.

The Individual Defendants argue that the claim for invasion of privacy / publication of private facts against Traywick should be dismissed because Plaintiffs have failed to meet the required publicity element – public disclosure of private facts. Defendants argue that only Traywick's daughter or at most a small group of people learned of the alleged sexual harassment. The Oklahoma Supreme Court has defined "publicity" under the statute as follows: "'Publicity

> "Publicity" means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge ... The difference is not one of the means of communication ... [but] one of a communication that reaches, or is sure to reach the public.

*Eddy v. Brown*, 715 P.2d 74, 78 (Okla. 1986). In that case, at issue was dissemination of private information to "only a *limited* number of co-workers." *Id*. (emphasis in original). Plaintiffs here have alleged that Traywick allowed her daughter access to Jane Doe No. 1's private information and that her daughter then disseminated it to the other students in the school who then bullied Jane Doe No. 1. Plaintiffs have sufficiently alleged this element. The motion is denied.

9

The Individual Defendants argue that the claim for intentional infliction of emotional distress against Traywick should also be denied. As Plaintiffs argue, they have alleged that Jane Doe No.1, a female child, confided in her counselor who then stated that "he has girls of his own, so he probably meant it like that." While the court is not convinced Plaintiffs' interpretations of that statement will necessarily prevail on this claim, the court will not dismiss the claim at this time. The motion is denied.

The Individual Defendants argue that the negligence claims against them should be dismissed because they were acting within the scope of their employment. Section 153(A) states that the state or political subdivision "shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment." 51 OKLA. STAT. § 153(A). The state or political subdivision, however, is not liable "for any act or omission of an employee acting outside the scope of the employee's employment." *Id*. Plaintiffs argue that their allegations obviously include actions that cannot be considered within the scope of the Individual Defendants' employment. The court will not dismiss the negligence claims against the Individual Defendants at this time, as this is better addressed at the summary judgment stage. The motion is denied.

The Individual Defendants briefly argue that Plaintiffs are not entitled to punitive damages as all claims should be dismissed. Plaintiffs respond only that they are entitled to punitive damages. The court will address this along with the other remaining claims at the summary judgment stage. The motion is denied.

### III.   Summary

For the reasons stated above, the motion to dismiss by the School District [Docket No. 15, as amended in Docket No. 17] is hereby granted in part and denied in part. The FERPA and

HIPAA claims are dismissed.  The punitive damages claims are dismissed.  All other claims remain.

The motion to dismiss by the Individual Defendants [Docket No. 16] is hereby granted in part and denied in part.  The claims against the Individual Defendants in their official capacities are dismissed.  The ADA claims, the Section 504 claims, and the claims for violation of FERPA and HIPAA are dismissed.  All other claims remain.

**IT IS SO ORDERED** this 21st day of September, 2022.

*[signature: Ronald A. White]*
_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**